USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

G. ANGEL LTD.,

    Plaintiff,

 - against -

CAMPER & NICHOLSONS USA, INC.
and PINNACLE YACHT SALES INC.
d/b/a INTERNATIONAL YACHT
COLLECTION,

    Defendants.

**OPINION AND ORDER**

06 Civ. 3495(PKL)

**APPEARANCES**

VANDENBERG & FELIU, LLP
Ray Beckerman, Esq.
110 East 42nd Street, Suite 1502
New York, NY 10017

Attorney for Plaintiff

BLANK ROME LLP
Walter Cameron Beard, III, Esq.
405 Lexington Avenue
New York, NY 10174

Attorney for Camper & Nicholsons USA, Inc.

ADORNO & YOSS, LLP
David H. Ganz, Esq.
155 Willowbrook Boulevard
Wayne, NJ 07470

VENABLE LLP
Ari N. Rothman, Esq.
Gregory W. Gilliam, Esq.
James Douglas Baldridge, Esq.
405 Lexington Avenue
New York, NY 10174

Attorney for Pinnacle Yacht Sales Inc.
d/b/a International Yacht Collection

**LEISURE, District Judge**:

Plaintiff G. Angel Ltd. ("G. Angel") brings this action against defendants Camper & Nicholsons USA Inc. ("C&N") and Pinnacle Yacht Sales Inc. d/b/a International Yacht Collection ("IYC") (collectively the "defendants"), for breach of contract and torts stemming from an agreement to sell a yacht. C&N moves pursuant to 28 U.S.C. § 1404(a) to transfer venue of this action to the United States District Court for the Southern District of Florida.[1] IYC moves to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). IYC also moves to dismiss C&N's claims against it for lack of personal jurisdiction, or in the alternative, to transfer venue. For the reasons set forth herein, C&N's and IYC's motions to transfer venue to the Southern District of Florida are GRANTED.

**BACKGROUND**

Plaintiff G. Angel, a Marshall Islands corporation, brought this action for compensatory and punitive damages alleging breach of contract and several torts stemming from

---

[1] C&N originally moved to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). On February 23, 2007, however, C&N filed a Notice of Partial Withdrawal of Motion, withdrawing the portion of its motion seeking dismissal for lack of personal jurisdiction and leaving intact the motion to transfer.

1

an agreement between G. Angel and defendants C&N, a Florida corporation, and IYC, a Florida corporation, regarding the sale of a yacht. (Complaint ¶¶ 1-3.)  G. Angel hired C&N as its listing agent to sell a yacht called the "Lady Joy" on December 16, 2005. (Complaint ¶ 10.)  The terms of the initial engagement of C&N by G. Angel were set forth in a central agency listing agreement ("Listing Agreement").

IYC, another broker, identified Alexander Gregory ("Gregory") as a prospective buyer for the Lady Joy. (Complaint ¶ 11.)  On April 21, 2006, Gregory offered to buy the Lady Joy for $8.5 million. (Complaint ¶ 11.)  As a deposit, Gregory tendered a check for $850,000 through IYC. (Complaint ¶ 12.)  C&N and IYC submitted Gregory's offer to G. Angel, however, G. Angel rejected it. (Complaint ¶¶ 12-13.)  Gregory subsequently increased his offer to $9.8 million and G. Angel accepted the offer. (Complaint ¶¶ 14-15.)  On April 27, 2006, Gregory and representatives for G. Angel,[2] C&N, and IYC signed a purchase and sale agreement ("Purchase and Sale Agreement" or "Agreement"). (Complaint ¶ 16; Goldberg Aff. Ex. A.)

The Purchase and Sale Agreement contained a clause stating that IYC was to hold in escrow a 10% deposit

---

[2] New York attorney Lee Goldberg ("Goldberg") served as the representative of G. Angel.

($980,000) from Gregory. (Goldberg Aff. Ex. A, at 1.) IYC signed a specific clause in the Agreement, which stated that "[r]eceipt of a deposit in the amount stated above is hereby acknowledged." (Goldberg Aff. Ex. A, at 5.) Gregory, however, never provided a deposit and ultimately, he refused to perform under the Agreement.

Plaintiff filed this action, invoking diversity jurisdiction, against C&N and IYC on May 9, 2006. On June 19, 2006 and June 20, 2006, in lieu of answers, defendants each moved for dismissal for lack of personal jurisdiction or, alternatively, for a transfer of venue to the Southern District of Florida. By letter to the Court dated August 28, 2006, C&N requested a stay of discovery pending disposition of the motions. At a pre-trial conference on September 6, 2006, this Court stayed discovery on the merits until the motions are decided, but permitted jurisdictional discovery relevant to the pending motions.

On February 23, 2007, C&N withdrew the portion of its motion that sought dismissal for lack of personal jurisdiction, while leaving intact the portion that sought transfer of this action to the Southern District of Florida. That same day, C&N filed an answer with counterclaims against G. Angel and cross-claims against IYC for contribution and for attorneys' fees pursuant to the

3

terms of the Purchase and Sale Agreement. In addition, attached as an exhibit to C&N's answer was a third-party complaint, which would be served upon Gregory if and when this action is transferred to the Southern District of Florida. IYC's motion against G. Angel remained fully intact, and on March 15, 2007, it also moved to dismiss C&N's cross-claims for lack of personal jurisdiction, or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a).

After the conclusion of jurisdictional discovery, the parties filed supplemental memoranda of law related to their respective motions. These were fully submitted on June 25, 2007. The following motions are now pending before the Court:

(1)  IYC's motion to dismiss G. Angel's claims for lack of personal jurisdiction, or in the alternative, to transfer venue;

(2)  C&N's motion to transfer venue; and

(3)  IYC's motion to dismiss C&N's claims for lack of personal jurisdiction, or in the alternative, to transfer venue.

The Court held a conference with the parties on November 28, 2007. In advance of and at that conference, the parties informed the Court about developments related

4

to this action. Specifically, IYC informed the Court that it filed an action in Broward County, Florida state court against Gregory and Gloria Stuart ("Stuart"), Gregory's friend who signed the Agreement as a witness to Gregory's signature. (IYC 11/2/07 Letter at 2.)  IYC claims that Gregory, who has indicated that he will contest any attempts to exercise personal jurisdiction over him in New York, is an "indispensable party" to this action under Rule 19 of the Federal Rules of Civil Procedure.  In response, G. Angel stated that it believes that IYC brought the state court action in Florida merely to bolster its claim that Gregory is an indispensable party to this action.[3]  At the conference, IYC indicated that it likely would not file a Rule 19 motion, if necessary, until after the pending motions are decided by the Court.

---

[3] G. Angel also argues that IYC cites no authority that it can alter the course of the pending motion before this Court by commencing an independent action against a third party. Further, G. Angel states that IYC provides no explanation as to why it waited one-and-a-half years to commence the third-party action and raise the "indispensable party" issue. IYC replied to G. Angel on November 9, 2007, claiming that it "does not suggest that Gregory is an indispensable party merely because IYC has initiated a lawsuit against Gregory in Florida." (IYC 11/9/07 Letter.) Rather, IYC believes that Gregory is an indispensable party because it was his repudiation of the Agreement that caused the instant litigation; not the alleged conduct of defendants. Further, IYC stated that the reason that it informed the Court of the Florida state court litigation was not to influence the Court's decision of whether Gregory was an indispensable party, but rather to "inform it of a material development germane to the pending motions . . . so that the Court would have complete information when it resolves the pending motions." (IYC 11/9/07 Letter.)

**DISCUSSION**

IYC raises the question of whether this Court has personal jurisdiction over it. However, the Court need not resolve that issue because, in the Second Circuit, district courts may transfer an action "even if there is no personal jurisdiction over the defendants," Volk Corp. v. Art-Pak Clip Art Serv., 432 F. Supp. 1179, 1181 (S.D.N.Y. 1977)(Weinfeld, J.); see also Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978)(Oakes, J.)(adopting Judge Weinfeld's statement of the law); Stein v. Microelectronic Packaging, Inc., No. 98 Civ. 8952, 1999 WL 540443, at *7 (S.D.N.Y. 1999); Saudi Computer Aided Translation Ltd. v. Weidner Communications Corp., 663 F. Supp. 1104, 1108 (S.D.N.Y. 1987)(Leval, J), "if a transfer would be in the interest of justice." Volk Corp., 432 F. Supp. at 1181. Applying the relevant standards, the Court determines that this action should be transferred to the Southern District of Florida. Therefore, the Court need not consider IYC's two motions to dismiss for lack of personal jurisdiction. Instead, the Court will consider both C&N's and IYC's motions to transfer collectively, as they arise out of the same facts.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to

any other district or division where it might have been brought." 28 U.S.C. § 1404(a). On a motion to transfer, the movant bears the burden of establishing that a change of forum is appropriate. See Stinnes Interoil, Inc. v. Apex Oil Co., 604 F. Supp. 978, 983 (S.D.N.Y. 1985) (citation omitted); see also Beatie v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 394 (S.D.N.Y. 2006) (Leisure, J.) (citing Factors Etc. Inc. v. Pro Arts Inc., 579 F.2d 215, 218 (2d Cir. 1978)). To obtain a transfer of venue, the movant must establish (1) that "the action to be transferred is one that might have been brought in the district to which the movant seeks to have it transferred," and (2) that the "convenience of parties and witnesses and the interests of justice favor transfer." Royal Ins. Co. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 WL 31385815, at *2 (S.D.N.Y. 2002) (Leisure, J.) (citing Flaherty v. All Hampton Limousine Inc., No. 01 Civ. 9939, 2002 WL 1891212, at *1 (S.D.N.Y. Aug. 16, 2002)). In evaluating a motion to transfer venue, "courts employ an individualized, case-by-case consideration of convenience and fairness." Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004)(Leisure, J.)(internal quotation marks omitted). Consideration of a motion to transfer venue lies within the broad discretion of the

7

district court. Beatie, 431 F. Supp. 2d at 394 (citing Warrick v. Gen. Elec. Co., 70 F.3d 736, 740 (2d Cir. 1995)).

I. The Action Might Have Been Brought in the Southern District of Florida

To obtain a transfer of venue, the movant must first establish that "the action to be transferred is one that might have been brought in the district to which the movant seeks to have it transferred." Royal Ins. Co., 2002 WL 31385815, at *2. Under 28 U.S.C. § 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, "the transferee forum would have had personal jurisdiction over the defendants . . . and if venue properly lies there." Id. Defendants have established that this action could have been brought in the Southern District of Florida. Plaintiff could have obtained diversity jurisdiction, subject matter jurisdiction, and met venue requirements over these two Florida corporation defendants.

II. The Convenience of the Parties and Witnesses and the Interests of Justice Favor Transfer

In assessing the balance of convenience and fairness, courts consider several factors including:

> (1) the locus of the operative facts; (2) the convenience of the witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing

8

law; (8) the weight accorded a plaintiff's choice of forum; and (9) the trial efficiency and the interests of justice based on the totality of circumstances.

Royal Ins. Co., 2002 WL 31385815, at *3. There is no rigid formula courts must adhere to in balancing these factors. See Beatie, 431 F. Supp. 2d at 395. Rather, balancing these factors is "essentially an equitable task, left to the court's discretion." Id. (internal quotation omitted). The Court now turns to its consideration of these factors.

A. The Locus of Operative Facts

The locus of operative facts is an "important factor to be considered in deciding where a case should be tried." 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1992)(Leisure, J.); see Royal Ins. Co., 2002 WL 31385815, at *3. Courts routinely transfer cases when the principal events occurred in another district and the principal witnesses are located there. See Billing v. Commerce One Inc., 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002)(Sweet, J.). To determine where the locus of operative facts lies, courts look to "the site of events from which the claim arises." 800-Flowers, 860 F. Supp. at 134. In this case, the locus of operative facts is Florida. The principal events occurred in Florida and the principal witnesses are located there. The Listing Agreement between G. Angel and C&N was executed by C&N in

9

Florida. Although the Listing Agreement may have been executed by Goldberg, on behalf of G. Angel, in New York, the record is unclear on this point. (Goldberg Dep. Tr. at 36:6-38:2.) Regardless, G. Angel's claims primarily arise from the Purchase and Sale Agreement, which was negotiated, executed, and allegedly breached in Florida. This factor weighs in favor of transfer.

B. Convenience of the Witnesses

The convenience of the forum for witnesses "is probably considered the single most important factor in the analysis of whether a transfer should be granted." Schnabel v. Ramsey Quantitative Sys., Inc., 322 F. Supp. 2d 505, 516 (S.D.N.Y. 2004). When weighing this factor, the Court considers the materiality, nature, and quality of each witness, in addition to the number of witnesses in each district. See Houlihan Lokey Howard & Zukin Capital, Inc. v. Protective Group, Inc., No. 05 Civ. 4741, 2005 WL 3367044, at *4 (S.D.N.Y. Dec. 12, 2005) (citing Royal & Sunalliance v. British Airways, 167 F. Supp. 2d 573, 577 (S.D.N.Y. 2001)). Generally, the convenience of a non-party witness is given greater weight than that of a party witness. See Royal Ins. Co., 2002 WL 31385815, at *5. The party moving to transfer venue on the ground that witnesses will be inconvenienced is obliged to "'name the witnesses who will be appearing and describe their

10

testimony so that the court may measure the inconvenience caused by locating a lawsuit in a particular forum.'" Beatie & Osborn LLP v. Patriot Sci. Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (quoting Schieffelin & Co. v. Jack Co. of Boca, Inc., 725 F. Supp. 1314, 1321 (S.D.N.Y. 1989)). A party moving for transfer of venue for the convenience of witnesses is not required to submit an affidavit from each witness. See Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 218 (2d Cir. 1978) ("When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.")

Here, defendants have shown that the bulk of the witnesses in this case reside in Florida. These witnesses include Gregory, the prospective buyer of the yacht, Stuart, his friend who served as a witness to the execution of the Agreement, the staff of Lady Joy's management company, as well as employees of C&N and IYC who were involved in the transaction. Goldberg is the only witness who is not located in Florida. Therefore, this factor weighs in favor of transfer.

11

C.  Location of Relevant Documents

Without a showing that the location of documents would create a burden absent transfer, this consideration has little effect on the Court's determination. See, e.g., Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F. Supp. 2d 395, 402 n.2 (S.D.N.Y. 2005) ("[T]he location of documents is entitled to little weight unless defendant makes a 'detailed showing of the burden it would incur absent transfer.'" (quoting Royal Ins. Co., 2002 WL 3138585, at *6)). There is no showing that the location of documents would create a burden, therefore, this is not a factor in the Court's determination.

D.  Convenience of the Parties

The convenience of the parties favors transfer because "the forum-selection clause is determinative as to the convenience of the parties." Richardson Greenshields Securities, Inc. v. Metz, 566 F. Supp. 131, 134 (S.D.N.Y. 1983); see also Hummingbird USA, Inc. v. Texas Guaranteed Student Loan Corp., No. 06 Civ. 7672, 2007 WL 163111, at *3 (S.D.N.Y. Jan. 22, 2007). "In a case where the parties have already agreed to a particular forum, the 'convenience of the parties' weighs heavily in favor of hearing the case in the designated court." Falconwood Fin. Corp. v. Griffin, 838 F. Supp. 836, 840 (S.D.N.Y. 1993); see also Beatie, 431

12

F. Supp. 2d at 396. Here, the Purchase and Sale Agreement states that venue should lie in Broward County, Florida.[4] Therefore, this factor weighs heavily in favor of transfer.

### E. Availability of Process to Compel Attendance of Unwilling Witnesses

"The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." Arrow Electronics, Inc. v. Ducommun Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989)(Leisure, J.) Defendants have shown that there are witnesses who reside in Florida that are not subject to the jurisdiction of this Court. This includes Gregory, the prospective buyer of the Lady Joy and likely a crucial witness in this action. Thus, this factor supports transfer.

### F. Relative Means of the Parties

The relative means of the parties is entitled to little weight where the parties are corporations. See,

---

[4] Specifically, the Agreement states at Paragraph 23 that "[t]he parties hereto stipulate that in case of litigation, venue lies in Broward County, Florida." (Goldberg Aff. Ex. A, at 4.) G. Angel argues that the venue provision is "void *ab initio* since it was procured through fraud." (Pl.'s Opp. to C&N at 8; Pl.'s Opp. to IYC at 4.) The Purchase and Sale Agreement's forum-selection clause will be enforced "unless it clearly can be shown that enforcement 'would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Bense v. Interstate Battery Sys. of Am., 683 F.2d 718, 721-22 (2d Cir. 1982)(quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)); see also Beatie, 431 F. Supp. 2d at 391. G. Angel has not alleged that defendants engaged in fraud or overreaching specifically with respect to the forum-selection clause. (Pl.'s Supp. Op. at 14; Goldberg Dep. Tr. 207:9-22.) Further, it would not be unreasonable or unjust to enforce the selection of Florida as the forum to hear this action. Therefore, G. Angel's argument is unpersuasive.

13

e.g., Student Advantage, Inc. v. Int'l Student Exchange Cards, Inc., No. 00 Civ. 1971, 2000 WL 1290585, at *8 (S.D.N.Y. Sept. 13, 2000). In this case, all of the parties are corporations. Therefore, the relative means of the parties does not factor into the Court's transfer analysis.

G. Governing Law

There is a preference that a case be tried "in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947). In a motion to transfer venue under § 1404(a), the court must apply the choice of law principles of the transferor court in determining which state's substantive law will apply in a diversity action. See Ferens v. Deere Co., 494 U.S. 516, 523 (1990); Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Under New York law, for contract disputes, a "center of gravity" or "grouping of contacts" test is employed. See Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 n.5 (2d Cir. 1997)("Under this approach, courts may consider a spectrum of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of

14

business of the contracting parties." (citing In re Allstate Ins. Co. & Stolarz, 81 N.Y.2d 219, 227, 613 N.E.2d 936, 940 (1993))). For tort actions, "'the law of the jurisdiction having the greatest interest in the litigation will be applied.'" Id. (quoting Schultz v. Boy Scouts, 65 N.Y.2d 189, 197, 480 N.E.2d 679, 684 (1985)).

In this case, several elements support application of Florida law. The negotiation, execution, and alleged breach of contract took place primarily in Florida. The Listing Agreement between G. Angel and C&N specifically calls for the application of Florida law.[5] (Goldberg Aff. Ex. E.) Additionally, as discussed above, the Purchase and Sale Agreement states that venue should lie in Broward County, Florida. (Goldberg Aff. Ex. A, at 4.)

However, this factor is entitled to little weight in cases where, as here, "the governing law presents no complex legal questions and has not been shown to be unclear, unsettled or difficult." Royal Ins. Co., 2002 WL 31385815, at *8 (quoting Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp., 616 F. Supp. 114, 119 (S.D.N.Y.1984)); see also Marketing/Trademark Consultants, Inc. v. Caterpillar Inc.,

---

[5] Paragraph 10 of the Listing Agreement states that "[i]n the event that interpretation or enforcement of terms or conditions of the Agreement are subject to litigation or arbitration, the prevailing party shall be entitled to all reasonable attorney's fees, court costs and other costs of collection. This Agreement shall be construed in accordance with the laws of the State of Florida." (Goldberg Aff. Ex. E.)

15

No. 98 Civ. 2570, 1998 WL 474074, at *2 (S.D.N.Y. Aug. 10, 1998). Thus, this factor weighs only slightly in favor of transfer, since it has not been demonstrated that there are any complex or unsettled legal questions to be resolved. See Royal Ins. Co., 2002 WL 31385815, at *8.

H.  Weight Accorded Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally "'entitled to substantial consideration.'" Warrick v. General Elec. Co., 70 F.3d 736, 741 (2d Cir. 1995) (quoting A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966)). This is so in part because, when little is known about how the case will develop, a plaintiff's choice of forum "reflects one side's assessment of the balance of relevant factors." Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). However, a plaintiff's choice of forum may be guided by factors other than its own convenience, such as strategic advantages a certain forum may provide. Cf. Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (listing improper forum shopping reasons in a *forum non conveniens* context). For this reason, the consideration afforded to a plaintiff's choice of forum is usually diminished where the plaintiff has chosen a forum that is neither the district of its residence nor the district in which the cause of action arose. See Fuji Photo

Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 376 (S.D.N.Y. 2006); Halliwell v. Moran Towing & Transp. Co., No. 98 Civ. 6500, 1999 WL 258260, at *1 (S.D.N.Y. Apr. 29, 1999); Miller v. Bombardier Inc., No. 93 Civ. 0376, 1993 WL 378585, at *5-6 (S.D.N.Y. Sept. 23, 1993). G. Angel is a Marshall Islands Corporation with limited contacts to New York. The cause of action arose in Florida. Further, the Agreement contemplated Florida as the forum to hear disputes. Therefore, the deference granted plaintiff's choice of forum is significantly reduced.

### I. Trial Efficiency and Interests of Justice Based on the Totality of Circumstances

Based on the totality of the circumstances, it is apparent that the Southern District of Florida can ensure a more efficient trial and serve as a more convenient forum. Further, Florida has a far greater interest in this action and the conduct that gave rise to it. Accordingly, the Court determines that transfer of this action to the Southern District of Florida would further the convenience of parties and witnesses and would be in the interest of justice. C&N's motion to transfer venue and both of IYC's motions to transfer venue are GRANTED.

## CONCLUSION

For the reasons set forth herein, C&N's motion to transfer venue and both of IYC's motions to transfer venue are hereby GRANTED and this action is transferred to the Southern District of Florida.

**SO ORDERED.**
**New York, New York**

February 7, 2008

_____
U.S.D.J.